**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| **TEMIKA WILKES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SDH SERVICES EAST, LLC d/b/a SODEXO,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.:** |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, TEMIKA WILKES ("Plaintiff" or "Wilkes"), files their Complaint against the Defendant, SDH SERVICES EAST, LLC d/b/a SODEXO ("Defendant" or "Sodexo"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, injunctive relief, and other equitable relief brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), as applicable. Plaintiff alleges that Defendant engaged in unlawful employment practices based on religion and sex, in violation of the aforementioned laws. These actions include, but are not limited to, discrimination and retaliation.

**JURISDICTION**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events, or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

**THE PARTIES**

4. Plaintiff, Wilkes, is a citizen of the United States was at all times material a resident of this District.

5. Defendant, Sodexo, is a For-Profit Corporation that operates in this district.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

**PROCEDURAL REQUIREMENTS**

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On January 5, 2026, Plaintiff filed a timely claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b)and (e), based on religious discrimination, sex discrimination, and retaliation.

9. Plaintiff's EEOC charge was filed within one hundred eighty (180) days after the allegedunlawful employment practices occurred.

10. On June 17, 2026, the EEOC issued a Determination of Charge and Notice of Right to Sue.

11. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**FACTUAL ALLEGATIONS**

12. Plaintiff Temika Wilkes is a Muslim female who was employed by Sodexo and was subjected to discrimination on the basis of her sex and religion, as well as retaliation for engaging

in protected activity.

13. Shortly after commencing employment, Plaintiff experienced religious discrimination when Gerald Hegele, Human Resources Manager, questioned her requests for religious exemptions related to vaccination mandates and deferred the decision to Paul Kraiza.

14. The discriminatory treatment continued in or around June 2025 when Jason Smith mocked Plaintiff for celebrating Eid Mubarak and publicly ridiculed her because of her religious beliefs and practices.

15. Throughout her employment, Plaintiff was subjected to ongoing differential treatment and a hostile work environment based upon her religion and sex.

16. In or around July 2025, Mr. Bryant made inappropriate comments regarding Plaintiff's attire that were directly connected to her religious practices and beliefs.

17. In or around September 2025, Marti questioned Plaintiff's ability to relate to her team based upon her dietary preferences, which were tied to her sincerely held religious beliefs.

18. As a result of the discriminatory conduct described herein, Plaintiff filed a formal complaint through Sodexo's "Speak Up" Ethics Line on or about August 22, 2025.

19. During her employment, Plaintiff was treated less favorably than her male colleague, Jesse Bryant.

20. Plaintiff was required to complete daily report assignments that were not required of Mr. Bryant, despite the fact that such reports were part of Paul Kraiza's performance plan and not Plaintiff's assigned responsibilities.

21. The disparity in work assignments and performance expectations constituted unequal treatment and further evidences discrimination based upon Plaintiff's sex.

22. Following her protected complaint, Plaintiff experienced escalating retaliation, isolation, and adverse treatment.

23. The retaliatory conduct included the abrupt denial of Plaintiff's paid time off request and interference with corporate communications, as reflected in email correspondence dated between May 19, 2025, and September 23, 2025.

24. On or about September 23, 2025, Plaintiff was terminated from her employment.

25. Plaintiff was escorted from the workplace by law enforcement personnel, despite male employees who faced more serious allegations not being subjected to similar treatment.

26. The disparate manner in which Plaintiff's termination was handled evidences discriminatory treatment and pretext.

27. The reasons provided by Paul Kraiza for Plaintiff's termination, including vague and unspecified references to "client requests," were inconsistent with Plaintiff's documented performance and the respect she had earned from her team.

28. Following her termination, Plaintiff was subjected to additional retaliatory and adverse actions.

29. Sodexo failed to properly report Plaintiff's employment information for purposes of unemployment benefits and failed to respond to Plaintiff's inquiries regarding missing wages and compensation.

30. Plaintiff was initially informed that she was eligible for rehire but was later advised that she did not meet client expectations.

31. The contradictory explanations provided by Sodexo further demonstrate the retaliatory and pretextual nature of Defendant's actions.

32. Documentation maintained by Plaintiff reflects unequal work requirements, disparate treatment, and Human Resources' validation of concerns raised by Plaintiff regarding workplace misconduct.

**Count I:Religious-Based Discrimination in Violation of Title VII**

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

34. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of their religion.

35. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

36. Defendant is prohibited under Title VII from discriminating against Plaintiff because of their religion with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

37. Defendant violated Title VII by discharging and discriminating against Plaintiff based on their religion.

38. Defendant intentionally discriminated against Plaintiff on the basis of their religion.

39. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

40. Defendant's unlawful conduct in violation of Title VII was outrageous and

malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## **<u>Count II:Retaliation in Violation of Title VII</u>**

41. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

42. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

43. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

44. Defendant's conduct violated Title VII.

45. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

46. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling them to compensatory damages.

47. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling them to punitive damages.

## **<u>Count III:Sex Based Discrimination in Violation of Title VII</u>**

48. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1- 32, above.

49. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

50. At all times relevant to this action, Plaintiff was in a protected category under Title

VII because of their sex, female.

51. Defendant is prohibited under Title VII from discriminating against Plaintiff because of their sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

52. Defendant violated Title VII by constructively discharging and discriminating against Plaintiff based on their sex.

53. Defendant intentionally discriminated against Plaintiff on the basis of their sex.

54. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

55. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

56. Sexual Harassment in Violation of Title VII

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff their costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.


Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
{North Carolina Bar No. 54125}
**Martoccio Law Group**
2101 W. Platt St. Suite 200
Tampa, Florida 33606
T: (813) 725-3279
gary@martocciofirm.com
*Counsel for Plaintiff*